## COLES *vs.* COLES.

In partition suits the costs of the proceeding, as well as the partition itself, will be charged upon the several shares in proportion to their respective values.

Counsel fees do not properly constitute a part of the costs and expenses to be charged against the owners of the several shares.

The court will allow to the commissioners such sum beyond the usual fees fixed by the statute as may be proper.

The report of the commissioners designating the boundaries of the several lots, with the map, constitutes the usual return; but the cost of making a field book will be allowed.

A charge for drawing the return is proper.

The cost of a copy of the return for record in the county clerk's office allowed in this case.

A share may be subdivided on partition, and the costs thereof will be charged on that share.

*Rutherford,* for complainant.

*Zabriskie,* for defendant.

THE CHANCELLOR. All the questions raised upon the hearing relate to the costs and expenses of the proceeding.

1. By whom are the costs and expenses to be borne?

The general rule of the Court of Chancery in England is understood to be that declared by the Chancellor in *Agar* v. *Fairfax,* 17 *Vesey* 558, *viz.* that as the party came into equity, instead of going to law for his own convenience, the rule of law should be adopted, and therefore no costs should be given until the commission; that the costs of issuing, executing, and confirming the partition should be borne by the parties in proportion to the value of their respective interests, and that there should be no costs of the subsequent proceedings. *Allnat on Partition* 116; 2 *Daniels' Ch. Prac.* 1387; 1 *Smith's Chan. Prac.* 481.

This practice of denying the complainant the costs of the bill for partition in equity has been adopted in anal-

2 H*

ogy to the practice at law. No damages are recoverable in the writ of partition, and consequently no costs are given by the statute of Gloucester. Nor do any of the English statutes which authorize partition, where it could not be had at common law, give costs. Therefore the party who procures the partition is at the whole expense. *Allnat on Partition* 75.

Our statutes have entirely changed the law upon this subject. It appears by the preamble of the act of 1789, (*Paterson* 89) that the fact that the plaintiff was obliged to pay the whole costs and charges upon writs of partition was one of the evils which that statute was designed to remedy. The whole expense of the partition is, by the eleventh section of that act, directed to be divided among the shares, and to be paid by the persons to whom the shares are allotted. The act of 1797, which regulates the proceedings on writs of partition, provides that in all suits of partition instituted by virtue of that act wherein the demandant shall recover, the costs shall be divided and apportioned by the court among the demandant, defendant, tenant, and others concerned, according to their respective parts and purparts of the land. *Paterson* 251, § 8; *Nix. Dig.* 582, § 47.

Equity follows the practice at law, and charges the costs of the proceeding as well as the expenses of the partition upon the several shares in proportion to their respective values. This is the well settled rule of the court, and is in conformity with the practice in New York. *Phelps* v. *Green*, 3 *Johns. Ch. R.* 306; *Tibbits* v. *Tibbits*, 7 *Paige* 204.

The rule is moreover an equitable one. If the title is clear, partition is a matter of right. *Parker* v. *Gerard*, *Ambler* 236; *Baring* v. *Nash*, 1 *Vesey & B.* 553; *Wisely* v. *Findlay*, 3 *Rand.* 361.

If a party is deprived of his right by reason of the unwillingness or inability of his cotenants to make partition, and coming into a court of equity succeeds in establishing and enforcing his right, he is entitled to have

the costs of establishing his right to the partition, as well as the expense of making it, borne by the several owners, in proportion to their respective interests in the land.

2. Do counsel fees constitute properly a part of the costs and expenses which may be charged against the owners of the several shares?

There seems to be no clear principle upon which the allowance can be justified. Counsel fees constitute no part of the legal costs of a suit in chancery. There is no statutory warrant for the allowance. There is and can be no standard by which the allowance can be regulated. The clause in the 24th section of the act relative to partition (*Nix. Dig.* 577) authorizing such further reasonable allowance as the court may judge proper refers to an allowance to the commissioners only. The provision moreover relates to proceedings under the statute. By the New York practice, the allowance appears to be limited to the costs "taxed as between party and party." Such is the form of the decree. 3 *Hoffman's Ch. Prac.* 348; 2 *Barbour's Ch. Prac.* 738, 742.

As between counsel and client, the practice in this state has been to allow counsel fees. The Supreme Court, at September term, 1830, in the matter of the partition of the real estate of Rogers and Warrington, decided that a counsel fee of ten dollars, and no more, should be allowed in proceedings for partition under the statute. The claim was not resisted. All the parties were in fact represented by the same counsel. Since then the allowance of a counsel fee in the Supreme Court has been usual.

In this court the practice has been by no means uniform. Counsel fees, varying greatly in amount, have in many instances been allowed. In many cases the allowance has not been made. I am aware of no instance in which it has been made after objection from any of the parties. The order for the allowance is frequently based on the consent of parties or on the statement that the parties concur in the allowance. Where this is the case,

or where the proceeding is in fact amicable and in behalf of all the parties interested, the propriety of the allowance is manifest. The aid of counsel is necessary to investigate title, to examine conflicting claims, and to conduct the cause. Where the defendant concurs in the proceeding there is no reason why the complainant should be compelled to bear this part of the expense more than any other. In such case the complainant's counsel represents the interests and protects the rights of all the parties. All are presumed to be equally benefited by the proceedings. But the complainant's claim to partition may be resisted. The proceedings may be hostile, or if not hostile the defendants may employ their own counsel, and by answer seek to protect their interests. If the plaintiff's title is disputed, or the partition opposed upon any ground unsuccessfully, the defendants will be compelled to pay costs. *Hill* v. *Fulbrook, Jacob's R.* 574; *Morris* v. *Timmins*, 1 *Beav.* 411.

And if no opposition is made to the partition, and the defendants choose to employ their own counsel, why should they be compelled to pay the counsel of the complainant? If the complainant is entitled to an allowance for counsel fees, why not the defendants also?

As the proceeding in this case is not amicable, and as the claim for counsel fees is resisted by the defendants, it must be denied.

3. The statute fixes the *per diem* allowance to each commissioner for each day employed in the service. Though the statute in terms applies only to proceedings under the act, its directions have properly been adopted in the allowance of commissioners' fees in equity. The court is authorized, at its discretion, to make such further reasonable allowance as may be judged proper. This allowance must be proportioned to the character and extent of the services performed and the responsibility incurred. Two hundred and fifty dollars additional allowance will be made to each of the commissioners. This amount, though

large, is assented to by the defendants, and is not disproportioned to the magnitude of the estate, the duties performed, and the responsibility incurred in the discharge of the office. The additional sum of one hundred and fifty dollars, proposed to be allowed to one of the commissioners for extra services, in mapping, drafting, &c., is proper, and will be allowed, but it constitutes no part of his compensation as commissioner.

4. The statute (*Nix. Dig.* 574, § 7,) requires that the commissioners should return the map and *field book*, which are ordered to be recorded. The report of the commissioners designating the boundaries of the several lots, with the map, constitutes the usual return. No other field book is ordinarily filed—still a field book must be prepared, and the expenses of preparing it in a case like the present constitutes a part of the necessary expenses of the commissioners. They are, in the first place, the proper judges of the particular character of the work to be done and the proper charge for the service. If the amount charged is deemed excessive, and counsel cannot agree as to the proper allowance, it must be referred to a master to determine the amount.

5. Drawing the return of the commissioners is sometimes performed by the commissioners, or in their behalf, and included in their bill of charges and expenses. If drawn by counsel, and not charged by the commissioners, it is included in the taxed bill of costs. In either form the charge is proper.

6. Owing to the extent and value of the property and the great number of city lots included in the partition, it is a matter of public concern, as well as of private interest, that a copy of the return and map should be of record in the clerk's office of the county of Hudson. It is conceded by the parties that this is proper. An allowance will be made for the costs of such extra copy.

7. The subdivision of one of the shares by the commissioners is in accordance with the practice of the court.

The additional costs occasioned by the subdivision must be borne by that share.

Let the final decree be prepared in accordance with these suggestions.